IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **DAVID LANKFORD** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | CAUSE NO. _____ |
| **SUNBELT RENTALS, INC.** § | |
| § | |
| **Defendant.** § | |
| § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff David Lankford hereby files this, his Original Complaint, against Sunbelt Rentals, Inc., for violating state and federal law. The causes of action and summary of claims relating thereto are addressed below:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff David Lankford ("Lankford" or "Plaintiff") is currently a citizen and resident of the State of Texas.

2. Defendant Sunbelt Rentals, Inc. is a foreign corporation, authorized to do business, and is doing business, in the State of Texas.

3. Defendant can be served through its registered agent for service, CT Corporation System, located at 350 North Saint Paul, Suite 900, Dallas, Texas 75201.

4. This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

## II.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission – Civil Rights Divisions ("TWC") on or about June 28, 2019, alleging age discrimination and retaliation in violation of the ADEA and the TCHRA.  This action is being commenced within the time limits prescribed by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 6281 *et. seq.*, as it is being filed within ninety (90) days of receipt of the "Dismissal and Notice of Rights" issued on February 14, 2022, by the EEOC. In addition, it is commenced within the time limits of the Texas Commission on Human Rights Act ("TCHRA"), TEX. LABOR CODE. §§ 21.001 *et. seq*. as it was filed more than 180 days after the charge was filed, and within two years of the events forming the basis of Plaintiff's claims.

## III.    FACTUAL BACKGROUND

6.       Lankford was employed by Defendant as an Outside Sales Representative at its branch in Plano, Texas.

7.      At the time of his termination, Lankford was 67 years old.

8.      Defendant is a rental equipment company offering a range of construction, industrial and general equipment to various customers including those in commercial residential, industrial, municipal and specialized service industries.

9.      In 2020/2021, Defendant had over 13,000 employees.

10.     Lankford initially began his employment with Six & Mango Equipment, LLP in April 2018.

11. Defendant acquired Six & Mango on June 20, 2019, and Lankford began working for Defendant after the acquisition. Lankford reported to Profit Center Manager David Parris.

12. In May 2020, Defendant's management removed half of Lankford's territory and gave it to an individual who was 26 years old.

13. In September 2020, Parris made several discriminatory, age-related comments to Lankford and about Lankford. For example, at a breakfast meeting in early September 2020, Parris joked that there were a lot of "old people" like Lankford at the meeting. A few weeks later, Parris stated that Lankford must be "100 years old".

14. Lankford confronted Parris about the discriminatory comments and made it clear that he did not appreciate the inappropriate, discriminatory comments.

15. With half of his territory given to a substantially younger employee, it was nearly impossible to meet sales targets.

16. Defendant's management added to and doubled the territory of the 26-year-old employee, which improved his performance; however, Lankford's territory remained cut in half.

17. Similarly, another substantially younger sales represented with a divided sales territory had her territory increased to improve her performance, while Lankford's territory remained reduced.

18. On April 5, 2021, Lankford was placed on a Performance Improvement Plan with metrics that were impossible to meet in a short period of time with a small territory. There were other substantially younger employees with similar sales numbers who were not placed on a Performance Improvement Plan.

19. Based on the age-related comments by Parris and the clear disparate treatment, Lankford made a report of age discrimination to his local Human Resources Associate on or about April 19, 2021.

20. Defendant's Human Resources did a perfunctory investigation and could not "substantiate" Lankford's reports of discrimination despite the clear evidence.

21. On June 2, 2021, Parris made the decision to terminate Lankford's employment.

22. Lankford was subjected to illegal discrimination and retaliation in violation of the TCHRA and the ADEA in that he was terminated because of his age and/or because he reported age discrimination.

### IV.   CAUSE OF ACTION

#### A.   VIOLATION OF ADEA AND TCHRA

23. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 22 as if fully stated herein.

24. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the ADEA and TCHRA.

25. Defendant is an "employer" as defined by the ADEA and TCHRA.

26. Plaintiff is considered to be an "employee" as defined by the ADEA and TCHRA.

27. At the time that Plaintiff was an employee of Defendant, he was over the age of 40; thus he was in a protected category as defined by the ADEA and TCHRA.

28. As described above, Defendant intentionally and willfully violated the ADEA and TCHRA by discriminating against Plaintiff because of his age.

29. Defendant intentionally and willfully retaliated against Plaintiff because he

engaged in protected activity as described by ADEA and the TCHRA.

29. As a result of Defendant's violations of the ADEA and TCHRA, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which can be estimated for the purpose of bringing this lawsuit. Plaintiff has also suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other recoverable damages.

30. As a result of these willful violations of the ADEA and TCHRA by Defendant, Plaintiff requests that he be awarded all compensatory and punitive damages, to which he is entitled, equitable and/or injunctive relief, and attorney fees and costs.

## V.    JURY DEMAND

Plaintiff requests trial by jury on all claims.

## VI.    PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a. Judgment against Defendant for actual damages, including lost wages and benefits (both back pay and front pay, if reinstatement is not feasible), the sum to be determined at time of trial;

b. Judgment against Defendant for compensatory damages in the maximum amount allowed by law;

c. Judgment against Defendant for liquidated damages in the maximum amount allowed by law;

d. Judgment against Defendant for punitive damages in the maximum amount allowed under law;

e. An order that Defendant take such other and further actions, including

        injunctive relieve or other equitable relief, as may be necessary to redress Defendant's violation of the ADEA and TCHRA;

f. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

g. Costs of suit, including attorney's fees;

h. The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted by:

*/s/ Megan Dixon*
**Megan Dixon**
State Bar No. 24079901
dixon@l-b-law.com
**BRAZIEL | DIXON, LLP**
1910 Pacific Ave. Ste. 12000
Box 220
Dallas, Texas 75201
Tel: (214) 749-1400
Fax: (214) 749-1010

**ATTORNEY FOR PLAINTIFF**